IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANQUIN ST. JUNIOUS,

                              Petitioner,                        OPINION AND ORDER

     v.

                                                          20-cv-0692-wmc

BRIAN HAYES, Administrator,
Wisconsin Division of Hearings and Appeals,

                              Respondent.

AnQuin St. Junious, an inmate at the Columbia Correctional Institution, has petitioned the court for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is before me for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because it is plain from the petition and its attachments that petitioner is not entitled to relief, the court must dismiss the petition.

ALLEGATIONS OF THE PETITION

Petitioner St. Junious challenges his confinement resulting from a June 2019 decision by the Wisconsin Division of Hearings and Appeals that revoked his extended supervision in La Crosse County Case 12 CF 005. According to his petition, the Department of Corrections sought revocation after he was accused of stabbing and killing a man on January 2, 2019, for which St. Junious was charged with second degree reckless homicide and other crimes in La Crosse County Case 19 CF 32. A revocation hearing was held before an administrative law judge on April 24 and June 3, 2019, at which St. Junious was represented by counsel. (Rev. Hrg. Tr. (dkt. #1-3).) The administrative law judge

subsequently issued a decision revoking petitioner's probation and imposing the maximum authorized term of reconfinement.[1]

After exhausting his administrative remedies, St. Junious applied to the Circuit Court for La Crosse County for a writ of certiorari, which was denied on September 16, 2019.  Although St. Junious attempted to appeal that decision, the Wisconsin Court of Appeals refused to consider it because he had failed to file a notice of appeal in the circuit court before the statutory deadline.  *See* 1/21/20 Wis. Ct. App. Order, dkt. 1-2 (denying request to extend the time to file a notice of appeal).  In his petition, St. Junious asserts that:  (1) no one informed him that he had to file a notice of appeal with the circuit court clerk; and (2) he was "given the run around" by several people about how to appeal the denial of his writ of certiorari.  Regardless, St. Junious appears to have lost any further right to appeal the denial of his writ in state court.

Although the precise nature of petitioner's claim is difficult to tease out from his numerous, conclusory assertions,[2] the gist of his claim would appear to be that the administrative law judge violated his right to due process by:  (1) disregarding his wife's testimony that she was the person who stabbed the victim in favor of her earlier statement to law enforcement that it was her husband; and (2) crediting the testimony of an eyewitness who recounted the victim's dying declaration that it was "he" who stabbed him.

---

[1] Petitioner did not include a copy of this decision with his petition.

[2] Among other things, he accuses the administrative law judge of failing to "follow the law," relying on evidence "that does not exist," and acting "arbitrarily."

OPINION

Rule 4 directs a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." More specifically, the Rule provides the district court the power to dismiss both (1) petitions that do not state a claim upon which relief may be granted *and* (2) petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, therefore, the court must analyze legal obstacles to its review of a petition -- such as whether the petitioner has complied with applicable statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Although it is plain on initial review that petitioner failed to exhaust his state court remedies properly before seeking federal relief, it is unnecessary to address that bar to suit further because his due process challenge also has no merit on its face. 28 U.S.C. § 2254(b)(2) (court may deny application for writ of habeas corpus on merits notwithstanding applicant's failure to exhaust state court remedies). The Supreme Court has held that a state need only provide the "minimum requirements" of due process before revoking probation. In particular, petitioner is entitled to: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial

officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972).

Petitioner does not allege that he was denied *any* of these rights. To the contrary, the administrative hearing transcript attached to the petition conclusively *refutes* such a claim in that it shows he was afforded: (1) a full revocation hearing based on the charges filed against him for second degree reckless homicide, (2) before a neutral decision-maker, (3) at which petitioner was represented by counsel, (4) who cross-examined the state's witnesses and called witnesses on petitioner's behalf. Although petitioner did not submit a copy of the ALJ's decision, he makes no claim that it was not provided in writing and explained why his probation was revoked. If anything, that the La Crosse County Circuit Court took up and considered the merits of that decision would suggest the administrative law judge's decision was in writing or, at least, reduced to writing. Regardless, the petitioner was plainly given the opportunity to challenge the revocation decision in state court.

Thus, on the face of the petition, St. Junious was afforded all that due process requires. Moreover, although the question whether the state made the "correct" decision is beyond the scope of this court's review, there was ample evidence presented at the hearing to support the administrative law judge's revocation decision. For all these reasons, the petition must be denied under Rule 4.

ORDER

IT IS ORDERED that AnQuin St. Junious's petition for a writ of habeas corpus is

DISMISSED WITH PREJUDICE.

Entered this 4th day of February, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge